Sean R. Kelly (skelly@saiber.com)
**SAIBER LLC**
18 Columbia Turnpike, Suite 200
Florham Park, NJ 07932
Telephone: (973) 622-3333

Of Counsel:
James H. Hulme, Esquire (James.Hulme@arentfox.com)
Richard J. Berman, Esquire (Richard.Berman@arentfox.com)
Taniel E. Anderson, Esquire (Taniel.Anderson@arentfox.com)
**ARENT FOX LLP**
1717 K St., N.W.
Washington, DC 20036
Telephone: (202) 857-6000

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SABINSA CORPORATION,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>NUTRIBIOLINK LLC,  )<br>)<br>and  )<br>)<br>OLIVE LIFESCIENCES PVT. LTD.,  )<br>)<br>Defendants.  )<br>) | Civil Action No. |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

This action is brought by Sabinsa Corporation ("Sabinsa"), a New Jersey corporation with its principal place of business at 20 Lake Drive, East Windsor, New Jersey, and which is the exclusive licensee of a United States patent covering compositions, methods of use, and extraction of a nutritional supplement, against NutriBioLink LLC ("NutriBioLink"), a New

York corporation with its principal place of business at 105 Lexington Ave., Apt. 3H, Brooklyn, New York, and Olive Lifesciences Private Ltd. ("Olive"), an Indian corporation with its principal place of business at #3, PDS Towers, Sanjeevini Nagar Sahakar Nagar, Bangalore – 560 092, India (together, the "Defendants") for infringement, contributory infringement, and/or inducement of infringement of that patent.  Sabinsa, by its attorneys, for its Complaint against Defendants alleges that:

### The Parties

1. Plaintiff Sabinsa is a New Jersey corporation with its principal place of business at 20 Lake Drive, East Windsor, New Jersey.

2. On information and belief, defendant NutriBioLink is a New York corporation with its principal place of business at 105 Lexington Ave., Apt. 3H, Brooklyn, New York.

3. On information and belief, defendant Olive is an Indian corporation with its principal place of business at #3, PDS Towers, Sanjeevini Nagar Sahakar Nagar, Bangalore - 560 092, India.

### Jurisdiction and Venue

4. This cause of action for patent infringement arises under the patent laws of the United States, Title 35, United States Code.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this case involves patent infringement, and arises under the laws of the United States, 15 U.S.C. § 1051, *et seq*.

6. This Court has personal jurisdiction over NutriBioLink because, among other reasons, it has extensive contacts with the State of New Jersey, and, on information and belief, regularly does business in this District by selling dietary and nutritional supplements.

7. This Court has personal jurisdiction over Olive because, among other reasons, it regularly does business in this District by importing dietary and nutritional supplements to NutriBioLink for sale in this District, and also importing dietary and nutritional supplements directly to customers in this District.

8. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

**Background**

9. Sabinsa manufactures and markets herbal extracts and specialty fine chemicals used in nutritional supplements, cosmetics, pharmaceuticals, and food products.

10. On January 19, 1999, the U.S. Patent and Trademark Office issued U.S. Patent No. 5,861,415, titled "Bioprotectant Composition, Method of Use and Extraction Process of Curcuminoids" ("the '415 patent"). A true and correct copy of the '415 patent is attached hereto as Exhibit A.

11. Sabinsa is the exclusive licensee of the '415 patent.

12. The '415 patent covers, among other things, compositions containing curcuminoids, methods of using such compositions, and methods of extracting curcuminoids.

13. On information and belief, NutriBioLink imports and sells, among other things, dietary and nutritional supplements extracted from plants.

14. On its website, NutriBioLink advertises "BioTurmin™ Standardized extract of Tumeric (*Curcuma Longa*)." NutriBioLink further states, among other things, that "Curcumin is the principal curcuminoid found in turmeric." The website also provides a hyperlink Olive's BioTurmin™ website, which states, among other things, that "Plants rich in antioxidants support normal health by blocking damaging effects of reactive oxygen species on cells." A true and

correct copy of NutriBioLink's Products webpage and Olive's *Curcuma longa* webpage are attached hereto as Exhibit B.

15. On information and belief, NutriBioLink has used, imported, sold, and/or offered for sale and continues to use, import, sell, and/or offer for sale products that infringe, contribute to the infringement, and/or induce the infringement of the '415 patent.

16. On information and belief, Olive manufacturers, imports, and sells, among other things, dietary and nutritional supplements extracted from plants.

17. On its website, Olive advertises "Nutraceuticals and Standardized Botanical Extracts," including "*Curcuma longa* (Turmeric)," whose "Indications" are "Antioxidant and Anti-inflammatory." A true and correct copy of Olive's Nutraceuticals and Standardized Botanical Extracts webpage is attached hereto as Exhibit C.

18. On information and belief, Olive has manufactured, used, imported, sold, and/or offered for sale and continues to manufacture, use, import, sell, and/or offer for sale products that infringe, contribute to the infringement, and/or induce the infringement of the '415 patent.

## COUNT I
**(Direct Infringement of the '415 patent)**

19. Sabinsa incorporates by reference the factual allegations contained in paragraphs 1 through 18 of this complaint, as if fully set forth herein.

20. On information and belief, Defendants have directly infringed and are continuing to directly infringe the '415 patent by manufacturing, using, importing, selling, and/or offering for sale products containing curcuminoids.

21. A true and correct copy of NutriBioLink's website evidencing NutriBioLink's offering for sale products containing curcuminoids is attached hereto as Exhibit B. The website identifies, among other things, "*Curcuma longa*" specifications of "95% powder" and "95%

granules." The website also provides a hyperlink Olive's BioTurmin™ website, which identifies, among other things, the same specifications, along with one of the following "Applications": "Ingredient for nutritional supplements – Capsules and Tablets." A true and correct copy of Olive's BioTurmin™ webpage is attached hereto as Exhibit D.

22. On information and belief, Defendants have committed the aforementioned acts of infringement with full knowledge of the '415 patent and Sabinsa's rights therein because, among other things, Sabinsa circulated a letter identifying the '415 patent to the nutritional supplement industry. A true and correct copy of the Sabinsa letter is enclosed as Exhibit E.

23. All of the aforementioned infringing acts by Defendants are without the permission, license, or consent of Sabinsa.

24. All of the aforementioned infringing acts by Defendants have been, and continue to be, willful and deliberate, and Sabinsa believes that such acts will continue in the future unless Defendants are enjoined by this Court.

25. By reason of Defendants' acts of infringement, they have been unjustly enriched.

26. By reason of Defendants' acts of infringement, Sabinsa has suffered and will continue to suffer irreparable harm and damages, including, but not limited to, lost sales and diminution of the value of the '415 patent, in an amount to be determined.

27. As a result of the continuing harm to Sabinsa and the diminution of the value of the '415 patent, Sabinsa has no remedy at law.

### COUNT II
**(Induced Infringement of the '415 patent)**

28. Sabinsa incorporates by reference the factual allegations contained in paragraphs 1 through 27 of this complaint, as if fully set forth herein.

29. On information and belief, Defendants have induced the infringement and are continuing to induce the infringement of the '415 patent by manufacturing, using, importing, selling, and/or offering for sale products containing curcuminoids.

30. On information and belief, Defendants intend to cause others to infringe the '415 patent by supplying their customers with infringing products with the knowledge that their customers' actions constitute direct infringement.

31. On information and belief, Defendants' customers are directly infringing and continue to directly infringe the '415 patent by manufacturing, using, importing, selling, and/or offering for sale products containing curcuminoids supplied by Defendants.

32. On information and belief, Defendants have committed the aforementioned acts of infringement with full knowledge of the '415 patent and Sabinsa's rights therein because, among other things, Sabinsa circulated a letter identifying the '415 patent to the nutritional supplement industry. A true and correct copy of the Sabinsa letter is enclosed as Exhibit E.

33. All of the aforementioned infringing acts by Defendants and/or others are without the permission, license, or consent of Sabinsa.

34. All of the aforementioned infringing acts by Defendants have been, and continue to be, willful and deliberate, and Sabinsa believes that such acts will continue in the future unless Defendants are enjoined by this Court.

35. By reason of Defendants' acts of induced infringement, they have been unjustly enriched.

36. By reason of Defendants' acts of induced infringement, Sabinsa has suffered and will continue to suffer irreparable harm and damages, including, but not limited to, lost sales and diminution of the value of the '415 patent, in an amount to be determined.

37. As a result of the continuing harm to Sabinsa and the diminution of the value of the '415 patent, Sabinsa has no remedy at law.

## COUNT III
**(Contributory Infringement of the '415 patent)**

38. Sabinsa incorporates by reference the factual allegations contained in paragraphs 1 through 37 of this complaint, as if fully set forth herein.

39. On information and belief, Defendants have contributed to the infringement and are continuing to contribute to the infringement of the '415 patent by manufacturing, using, importing, selling, and/or offering for sale products containing curcuminoids.

40. On information and belief, Defendants' customers are directly infringing and continue to directly infringe the '415 patent by manufacturing, using, importing, selling, and/or offering for sale products containing curcuminoids.

41. On information and belief, Defendants' products containing curcuminoids are for use in practicing a process patented in the '415 patent. Further, Defendants' products containing curcuminoids are a material part of the '415 patent, and are known by Defendants to be especially made or especially adapted for use in infringement of the '415 patent.

42. On information and belief, Defendants' products containing curcuminoids have no other substantial non-infringing uses.

43. On information and belief, Defendants have committed the aforementioned acts of infringement with full knowledge of the '415 patent and Sabinsa's rights therein because, among other things, Sabinsa circulated a letter identifying the '415 patent to the nutritional supplement industry. A true and correct copy of the Sabinsa letter is enclosed as Exhibit E.

44. All of the aforementioned infringing acts by Defendants and/or others are without the permission, license, or consent of Sabinsa.

45. All of the aforementioned infringing acts by Defendants have been, and continue to be, willful and deliberate, and Sabinsa believes that such acts will continue in the future unless Defendants are enjoined by this Court.

46. By reason of Defendants' acts of contributory infringement, they have been unjustly enriched.

47. By reason of Defendants' acts of contributory infringement, Sabinsa has suffered and will continue to suffer irreparable harm and damages, including, but not limited to, lost sales and diminution of the value of the '415 patent, in an amount to be determined.

48. As a result of the continuing harm to Sabinsa and the diminution of the value of the '415 patent, Sabinsa has no remedy at law.

## **RELIEF SOUGHT:**

WHEREFORE, Sabinsa respectfully requests that this Court:

(1) Rule that Defendants' products containing curcuminoids infringe, contribute to the infringement, and/or induce the infringement of the '415 patent;

(2) Grant a preliminary and/or permanent injunction against the continued infringement, contributory infringement, and/or induced infringement of the '415 patent by Defendants and each of their agents, servants, employees, attorneys, officers, and all others in privity and acting in concert with them;

(3) Order an accounting to determine and assess against Defendants an award to fully compensate Sabinsa for damages arising out of Defendants' infringement, contributory infringement, and/or induced infringement of the '415 patent;

(4) Order that this case be deemed exceptional under 35 U.S.C. § 285;

(5) Award treble damages against Defendants by reason of the willful and deliberate nature of their infringement;

(6) Award Sabinsa its costs and reasonable attorneys' fees incurred in this action; and

(7) Grant Sabinsa any such other, further, different, or additional relief as this Court deems just, equitable, and proper.

## DEMAND FOR JURY TRIAL

Sabinsa demands trial by jury on all issues triable to a jury.


Dated:  July 30, 2014                                             Respectfully submitted,

**SAIBER LLC**
Attorneys for Plaintiff


By: *s/ Sean R. Kelly*_____
Sean Kelly, Esquire
18 Columbia Turnpike
Suite 200
Florham Park, NJ  07932-2266
(973) 622-3333

Of Counsel:

James H. Hulme, Esquire
Richard J. Berman, Esquire
Taniel E. Anderson, Esquire
**ARENT FOX LLP**
1717 K St., N.W.
Washington, DC  20036
(202) 857-6000

**LOCAL CIVIL RULE 11.2 CERTIFICATION**

Under Local Civil Rule 11.2, the undersigned counsel for Sabinsa Corporation ("Sabinsa") hereby certifies that this matter is not the subject of any other action asserted by Sabinsa in any other court, or of any pending arbitration or administrative proceeding, except *Sabinsa v. HerbaKraft, Inc., et al.*, an action which is being filed concurrently herewith in this District. These actions have been filed separately because Sabinsa is accusing different products of patent infringement in each complaint. *See* 35 U.S.C. § 299.

Dated: July 30, 2014                         *s/ Sean R. Kelly*_____
                                             Sean R. Kelly


**LOCAL CIVIL RULE 201.1 CERTIFICATION**

Under Local Civil Rule 201.1, the undersigned counsel for Sabinsa hereby certifies that Sabinsa seeks declaratory relief. This action is, therefore, not appropriate for compulsory arbitration.

Dated: July 30, 2014                         *s/ Sean R. Kelly*_____
                                             Sean R. Kelly